COMMONWEALTH *vs.* FREDERICK H. BARROWS.

Suffolk.    March 13, 1900. — March 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Indictment — Abortion — Evidence — Argument of District Attorney to Jury.*

At the trial of an indictment for an unlawful attempt to procure the miscarriage of a woman and for causing her death, certain cards found in the defendant's trunk in the room occupied by him tending to show that he held himself out as a person whose business it is to procure abortions, although not stating the fact in precise terms, are admissible in evidence against him; and the District Attorney is properly allowed to argue to the jury what their meaning is.

INDICTMENT, for an unlawful attempt to procure the miscarriage of a woman and for causing her death. At the trial in the Superior Court, before *Gaskill*, J., the government offered certain cards which were found in a room occupied by the defendant, in the defendant's trunk, copies of which are as follows:

" 3 to 5 P.M.    7 to 9 P.M.    F. H. Barrows, magnetic treatments, female irregularities a specialty.    925 Washington St., appointments by mail.    Boston."

" F. H. Barrows, magnetic and electric treatments, for all female weaknesses, leucorrhœa, suppressions, cancer, tumor, etc., 972 Washington St., Boston."

The judge, against the defendant's objection and exception, admitted the cards in evidence.

The District Attorney argued to the jury that the cards advertised the business of the defendant as that of an abortionist, and the defendant excepted.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*H. P. Harriman,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

LATHROP, J.   Two questions only are raised by the bill of exceptions.   The first is as to the admission in evidence of certain cards found in the defendant's trunk in the room occupied by him, and the second is allowing the District Attorney to argue to the jury that the defendant, by the cards, advertised his business as that of an abortionist.

The defendant was indicted under the Pub. Sts. c. 207, § 9, for thrusting a certain instrument into the body and womb of one Frances Adams, with intent to cause and procure the miscarriage of said Adams, and for causing her death thereby.   In such cases cards and circulars of a defendant have been held to be admissible in evidence if they tend to show that the defendant holds himself out as a person whose business it is to procure abortions.   It is not to be expected that cards and circulars of this kind will state the fact in precise terms, or that their meaning will not be more or less disguised.

The advertisements of the defendant in *Commonwealth* v. *Bishop,* 165 Mass. 148, are not stated in the report of the case, but they appear in the bill of exceptions, and are as follows : " Dr. Bailey, 48 Howard Street, may be consulted from nine to nine.   No other physician in the city has the same facilities for successful treatment of all female troubles.   His method is the only safe, the only sure and harmless one.   Board and nurse when necessary."   " Dr. Herman, 7 Tremont Row, may be consulted from nine to nine ; excels all others in quick and thorough cures of female troubles.   Only one visit necessary.   Has a

remedy will establish periods in two or three days. Useful information to ladies and gentlemen." It appeared that the defendant did business under the name of Dr. Bailey and also under the name of Dr. Herman.

The indictment in *Commonwealth* v. *Bishop* was similar to the one in the case at bar, and it was said by the court that these advertisements, " to say the least, might be understood to hold out that he [the defendant] was ready to do acts of the kind charged." There is no substantial difference between the advertisements in *Commonwealth* v. *Bishop* and the cards in the case at bar. See also *Weed* v. *People*, 3 Thomp. & C. 50; affirmed, 56 N. Y. 628.

We have no doubt that the cards were admissible in evidence; and that the District Attorney was properly allowed to argue to the jury what their meaning was.     *Exceptions overruled.*